UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Nickie Kane,

      Plaintiff,

                                            COMPLAINT

v.

Sackett Street Associates, LLC, Sterling
Group Developers, LLC,              Jury trial demanded

      Defendant(s).                      **25-6290**

Plaintiff, pro se, Nickie Kane hereby alleges for their Complaint as follows:

1. This case arises from the acts or omissions of the defendant(s). Plaintiff seeks relief from the defendants for violation of her rights secured by The Fair Housing Act, 42 U.S. Code § 3604, The Americans with Disabilities Act, 42 USC § 12101, The New York Human Rights Law, N.Y. Exec. Law §§ 290 - 301, and the New York City Human Rights Law, NYC Administrative Code 8-107. The claims arise from incidents on or about October 18, 2023, in which the defendants retaliated for the Plaintiff's complaint with the office of Housing and Urban Development, The New York State Division of Human Rights, and the New York City Commission on Human Rights regarding race, ethnicity, and disability discrimination and violated the The New York State Human Rights Law's, and the New York City Human Rights Law. Plaintiff seeks compensatory, declaratory, injunctive, and punitive damages, an award of costs and fees, and such other and further relief as the court deems just and proper.

**PARTIES**

1

2. Plaintiff Nickie Kane resides in Kings County, State of New York.

3. Defendant Sterling Group Developers, LLC, is a corporation with its primary place of business at 6608 18th Ave, Brooklyn, NY 11204. .

4. Defendant Sackett Street Associates, LLC, is a corporation with its primary place of business at 6608 18th Ave, Brooklyn, NY 11204.

## JURISDICTION

5. This case is brought pursuant to The Fair Housing Act, 42 U.S. Code § 3604, the Americans with Disabilities Act of 1990, 42 USC Sections 12112-12117, New York State Human Rights Law, NY Exec. Law Sections 290-297, and New York City Human Rights Law, N.Y. City Admin. Code Sections 8-101 to 8-131.

6. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

## VENUE

7. The venue is proper in the Eastern District of New York because the actions alleged in this Complaint occurred in this district.

**STATEMENT OF FACTS RELATED TO ALL CAUSES OF ACTIONS**

8. The Plaintiff is a Asian woman who was born in the country of Guyana, practices the Muslim faith, and suffers from Post-Traumatic Stress Disorder ("PTSD"), generalized anxiety, social anxiety, and depression. Plaintiff takes medication to treat her symptoms and uses a service animal to help with her symptoms. Plaintiff was assigned male at

birth and transitioned to female in 2007 and since 2007 has identified as female. Plaintiff's identifications all bear her current name and gender.

*History*

9. The Plaintiff had been renting a room from leaseholder Jacob Lee Stanley in an apartment located at 696 Sackett Street, 4R, Brooklyn, NY 11217 since May of 2019.

10. During her residency the Plaintiff obtained a dog who was later trained to aid the Plaintiff with her PTSD.

11. The Plaintiff requested Mr. Stanley provide her with sixty days' notice if he would not renew the lease. To help her find an apartment due to her service animal.

12. The Plaintiff also requested several times that Mr. Stanley give her a letter of reference. He made excuses as to why he could not give her the letter. He finally gave her a letter close to May 2020 thirty days before the lease ended.

13. Mr. Stanley failed to provide the Plaintiff with the requested notice and instead began harassing her one month before the end of the lease.

14. The Police were called several times and only then did Mr. Stanley give her the name and phone number of the Landlord's agent.

15. Mr. Stanley moved and the Plaintiff was forced to remain in the apartment as the pandemic had ensued.

*Statements of Facts Related to All Causes of Actions*

Due to the pandemic the Plaintiff simply could not move. Despite the landlord moved to evict the Plaintiff. During this time the landlord engaged in retaliation and harassment.

3

The Plaintiff received a notice of eviction from the Marshalls office dated for October 18,2023. On or about October 17. 2023 the Plaintiff rented a U-Haul and began packing her things in the U-haul. In the process she twisted her ankle. The following day October 18,2023 she continued packing her belongings. She stopped briefly to move the vehicle for alternate side parking. She noticed the landlord and his agent lingering about the apartment building. When she returned to the apartment the landlord had already had the locks changed. She asked to just finish packing her belongings retrieve her animals and to obtain a couple of her electronic devices (video recording taken). The landlord refused. The Marshal instructed her to go to the housing court and obtain an emergency access. She did but the housing court judge made sure that he heard every other case before the court before he gave her the signed order. By the time she returned all her belongings were on a moving truck and her animals (rabbits) where locked in the apartment. When she asked to have her stuff returned the moving company hired by the landlord refused and demanded $600. It is the landlord's responsibility under the law to store and pay for storage in the event a tenant was not present when an eviction was executed. The Plaintiff was present and there was no need to put her belongings in storage. The plaintiff was only able to get her animals who were left in the apartment without food or water. When she contacted the landlord to obtain her medication, animal's food, and other essential things the landlord refused. The plaintiff spent the next week or so wearing the same clothes every day and without her medication. The Plaintiff could not afford the $600 being demanded by the moving company and had to go to the city HRA office to get funds to obtain her belongings back. The office issued her the payment and informed her that the company used by the landlord Baya, Inc. had been barred from doing business with the city for engaging in fraud against the city. When she finally got her belongings back much of it had been damaged, electronic devices including phones and iPad

were missing. Garbage had been mixed in with her belongings including sweepings from the floor, animal waste and half of a rotisserie chicken. The landlord simply had to allow the Plaintiff to finish packing her belongings but instead retaliated by refusing and holding her belongings hostage.

### FIRST CLAIM FOR RELIEF: NEGLIENCE (COMMON LAW)

16. Plaintiff realleges the foregoing paragraphs as if set forth fully herein.

17. The landlord simply had to allow the Plaintiff to finish packing her belongings but instead retaliated by refusing and holding her belongings hostage.
18. The Plaintiff was denied access to her medication for over a week.
19. The Plaintiffs belongings were damaged and some stolen.

### SECOND CLAIM FOR RELIEF: VIOLATION OF THE FAIR HOUSING ACT, 42 U.S. CODE § 3604

20. Plaintiff realleges the foregoing paragraphs as if set forth fully herein.

21. The landlord simply had to allow the Plaintiff to finish packing her belongings but instead retaliated by refusing and holding her belongings hostage.
22. The Plaintiff was denied access to her medication for over a week.
23. The Plaintiffs belongings were damaged and some stolen.
24.

### THIRD CLAIM FOR RELIEF: VIOLATION OF THE FAIR HOUSING ACT, 42 U.S. CODE § 3604, RETALIATION

25. Plaintiff realleges the foregoing paragraphs as if set forth fully herein.

26. The landlord simply had to allow the Plaintiff to finish packing her belongings but instead retaliated by refusing and holding her belongings hostage.

27. The Plaintiff was denied access to her medication for over a week.

28. The Plaintiffs belongings were damaged and some stolen.

### FOURTH CLAIM FOR RELIEF: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, 42 USC § 12101

29. Plaintiff realleges the foregoing paragraphs as if set forth fully herein.

30. The landlord simply had to allow the Plaintiff to finish packing her belongings but instead retaliated by refusing and holding her belongings hostage.
31. The Plaintiff was denied access to her medication for over a week.
32. The Plaintiffs belongings were damaged and some stolen.

## FIFTH CLAIM FOR RELIEF: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, 42 USC § 12101, RETALIATION

33. Plaintiff realleges the foregoing paragraphs as if set forth fully herein.

34. The landlord simply had to allow the Plaintiff to finish packing her belongings but instead retaliated by refusing and holding her belongings hostage.
35. The Plaintiff was denied access to her medication for over a week.
36. The Plaintiffs belongings were damaged and some stolen.

## SIXTH CLAIM FOR RELIEF: VIOLATION OF THE NEW YORK HUMAN RIGHTS LAW, N.Y. EXEC. LAW §§ 290 - 301

37. Plaintiff realleges the foregoing paragraphs as if set forth fully herein.

38. The landlord simply had to allow the Plaintiff to finish packing her belongings but instead retaliated by refusing and holding her belongings hostage.
39. The Plaintiff was denied access to her medication for over a week.
40. The Plaintiffs belongings were stolen and damaged.

## SEVENTH CLAIM FOR RELIEF: VIOLATION OF THE NEW YORK HUMAN RIGHTS LAW, N.Y. EXEC. LAW §§ 290 – 301, RETALIATION

41. Plaintiff realleges the foregoing paragraphs as if set forth fully herein.

42. The landlord simply had to allow the Plaintiff to finish packing her belongings but instead retaliated by refusing and holding her belongings hostage.
43. The Plaintiff was denied access to her medication for over a week.
44. The Plaintiffs belongings were damaged and some stolen.

## EIGTH CLAIM FOR RELIEF: VIOLATION OF THE NEW YORK CITY HUMAN RIGHTS LAW, NYC ADMINISTRATIVE CODE 8-107

45. Plaintiff realleges the foregoing paragraphs as if set forth fully herein.

46. The landlord simply had to allow the Plaintiff to finish packing her belongings but instead retaliated by refusing and holding her belongings hostage.
47. The Plaintiff was denied access to her medication for over a week.
48. The Plaintiffs belongings were damaged and some stolen.

### NINETH CLAIM FOR RELIEF: VIOLATION OF THE NEW YORK CITY HUMAN RIGHTS LAW, NYC ADMINISTRATIVE CODE 8-107, RETALIATION

49. Plaintiff realleges the foregoing paragraphs as if set forth fully herein.

50. The landlord simply had to allow the Plaintiff to finish packing her belongings but instead retaliated by refusing and holding her belongings hostage.
51. The Plaintiff was denied access to her medication for over a week.
52. The Plaintiffs belongings were damaged and some stolen.

WHEREFORE, Plaintiff respectfully requests judgment against Defendants as follows:

a) A declaration that Defendants violated Plaintiff's rights in violation of The Fair Housing Act, 42 U.S. Code § 3604, The Americans with Disabilities Act, 42 USC § 12101, The New York Human Rights Law, N.Y. Exec. Law §§ 290 - 301, and the New York City Human Rights Law, NYC Administrative Code 8-107.

b) An order awarding compensatory and punitive damages in an amount to be determined at trial.

c) And an order directing such other relief as this Court deems just and proper.

I swear under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: November 10, 2025
Brooklyn, NY

_/s/ Nickie Kane_
Nickie Kane, Plaintiff, *pro se*
95-73 114th Street

South Richmond Hill, NY 11419

786 440-8209